incident that Mr. Towle was a passenger in the ship. the subject of the salvage. Had Mr. Towle fallen in with the ship thus disabled and in the power of the sea. and gone from his own ship, and rendered these services, there would have been no question of his right as a salvor. The authorities, the judge said. were abundant and decisive on that point. But in the case of The Branston, 2 Hagg. Adm. 3. where the claimant, a lieutenant in the navy, being a passenger on board the brig in distress, contributed assistance, the court held, that where there was a common danger it was the duty of every one on board to give all the services he could. and more particularly of one whose ordinary pursuits enabled him to render most effectual service. A passenger might. if he could, leave the vessel. The Vrede, 1 Lush. 322. was decided on the same principle. After a collision. the claimants. emigrant passengers. manned the pumps until the vessel was towed into Ramsgate harbor. Dr. Lushington was of opinion that there being, under the circumstances of the case. no danger, and the claimants not choosing to leave the ship, as they might, by means of a tug and pilot cutter which were present. but remaining to work. were not entitled. As to the stronger of these two cases (The Branston). Judge Shipman concluded that the service rendered by the lieutenant was of the ordinary character. and consisted in assisting in working the brig in those ordinary ways well known to seamen. But the present question, whether there were not extraordinary services which a passenger might render that extended beyond the line of his duty. and might entitle him to salvage compensation. was not decided in the negative by The Branston or The Vrede. The authorities showed that officers and men. pilot and passengers, might all become salvors when they performed services to the ship in distress beyond the line of their duty. "I think," said the judge, "it follows from the principles laid down by the authorities. first. that a passenger on board a ship can render salvage service to that ship when in distress at sea; secondly, that, in order to do this. he need not be first personally disconnected from the ship; but, thirdly. that these services. in order to constitute him a salvor. must be of an extraordinary character and beyond the line of his duty. and not mere ordinary services, such as pumping and aiding in working the ship by usual and well-known means." Accordingly the judge decided in favor of Mr. Towle's claim. and. putting the value of the Great Eastern at five hundred thousand dollars, awarded to him fifteen thousand.

---

## Case No. 14,111.

### In re TOWN et al.

[8 N. B. R. 38.] [1]

District Court, E. D. Michigan. 1873.

CONTRACTS — NOTES — ILLEGAL CONSIDERATION — LIQUOR SALE — BRINGING ORIGINAL PACKAGES INTO STATE — SALE IN STATE — CONSTITUTIONAL LAW.

A note was given in settlement of a balance due upon a previous account for spirituous and intoxicating liquors, part of the consideration of which was based upon the sale of liquors in original packages. There was also another note given for liquors bought in Massachusetts. Held, that as to the part of the first note which was based upon the sale of liquors in original packages, it was not in violation of the laws of Michigan and was valid: but as to the balance, there was nothing to take it out of the statutes of the state prohibiting the sale of spirituous and intoxicating liquors.

[In the matter of Richard, Mary, and S. R. Town, bankrupts.]

The question decided, arose on the certificate of Register Hovey K. Clarke, of issues of law and fact relative to the claim of Messrs. George W. Torrey & Co., of Boston, Mass. These creditors proved and filed with the register their account, claiming as due to them from the estate of said bankrupts a balance of about four hundred and forty-nine dollars, a portion of which was founded upon a note for one hundred and seventy-four dollars and sixty-two cents, and the balance upon an open account in part for spiritous liquors. A note was given in settlement of a balance due upon a previous account for spirituous and intoxicating liquors, a portion of which was sold and delivered in the original imported packages. But nothing was made to appear as to the manner and place of sale of the balance of the liquors for which the note was given.

LONGYEAR, District Judge. So far as the consideration of the note was based upon the sale of liquors in original packages, it was not in violation of the laws of Michigan and was valid; but as to the balance of the consideration of the note there was nothing to take it out of the statutes of Michigan prohibiting the sale of spiritous and intoxicating liquors, and it was therefore illegal. The note having been given in Michigan, where the said statutes prevail. and the consideration being in part in violation thereof. the said note, according to the terms of the said statute, was void in toto. As to the open account, it appeared that so far as it was based upon a sale of spiritous and intoxicating liquors, the same was sold at Boston, Mass., upon the written note of the bankrupts, duly stamped. The note was made and signed in Michigan. and sent by mail to G. W. Torrey & Co., at Boston, their place of business. The sale was completed in Massachusetts, it was a Massachusetts contract, and was not affected by the Michigan statute, and that the sale being valid in Massachusetts must be held to be valid here. It is consequently ordered that so much of the claims of Torrey & Co., as was based on the note of one hundred and seventy-one dollars and six-two cents must be disallowed and expunged. and the balance of their claim must be allowed to stand as a debt against the estate of said bankrupts.

[See Case No. 14,112.]

---

## Case No. 14,112.

### In re TOWN et al.

[8 N. B. R. 40.] [1]

District Court, E. D. Michigan. 1873.

BANKRUPTCY — SURPLUS — INTEREST.

1. Where there is a surplus in the hands of the assignee after paying the creditors of a bankrupt it should be applied to the payment of interest, to be computed from the date of the adjudication.

[1] [Reprinted by permission.]　　　　　[1] [Reprinted by permission.]